

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Jesse James
State Treasurer
Austin, Texas

Dear Sir:

Opinion No. O-6787
Re: Clarification of the position
    of Auditor for the Texas
    Prison System with respect
    to appointment, approval of
    claims before signing and
    issuing of warrants by State
    Treasurer or Comptroller, etc.

You have requested our opinion upon the position of the Auditor of the Texas Prison System with respect to his appointment and the approval of claims of the Prison System before signing and issuing of warrants by the State Comptroller.

The reason for your request is; that this department held in Opinion No. O-5547 that Article 6166q had not been repealed by the Act creating the present State Auditor; that Article 6166q provides that it is the duty of the Auditor of the Texas Prison System, which auditor is appointed by the State Treasurer, Comptroller and Attorney General, to audit all vouchers and accounts for payments out of appropriations made for the support of the Prison System; further, that the rider to the appropriation made for the Texas Prison System in the General Appropriation Bill provides that all withdrawals of the Prison Industrial Revolving fund shall be made on vouchers of the Prison System signed by the General Manager and Auditor of the Prison System and approved by the State Board of Control and the State Comptroller; and that no appropriation was made for the "Auditor" under the appropriation for the Texas Prison System; therefore, who, as auditor, signs the vouchers withdrawing money from the said revolving fund and who is the auditor to be appointed under Article 6166q.

We reaffirm our opinion No. 0-5547 in that Article 6166q is still in effect and force and the Auditor for the Texas Prison System is appointed by the above three named officials; that this is the auditor that must sign the warrants drawn on the said revolving fund. The compensation for this auditor should come from that amount appropriated for the Chief Accountant. We base our latter holding by first referring to the 1943-45 and 1945-47 appropriations for the Texas Prison System:

"TEXAS PRISON SYSTEM

| | | For the Years Beginning September 1, 1943 | Ending August 31, 1945 |
|---|---|---|---|
| "1. | General Manager, with house, water, fuel and lights, (added) with prison produced food products. . . . . . . . . . . | $ 6,000.00 | $ 6,000.00 |
| 2. | Assistant general manager, with house, water, fuel and lights, with prison produced food products. . . . . . . . . | 2,700.00 | 2,700.00 |
| 3. | Executive secretary to general manager. . . . . . . . . . . . . | 1,958.87 | 1,958.87 |
| 4. | Secretary to prison board. . . | 1,260.00 | 1,260.00 |
| 5. | Auditor. . . . . . . . . . . . | 3,000.00 | 3,000.00 |
| 6. | Clerk, purchasing department . | 2,100.00 | 2,100.00 |
| 7. | Cashier . . . . . . . . . . . | 2,700.00 | 2,700.00 |
| 8. | Assistant cashier. . . . . . . | 1,650.00 | 1,650.00 |
| 9. | Accountant. . . . . . . . . . | 2,400.00 | 2,400.00 |
| 10. | Criminal record clerk. . . . . | 2,000.00 | 2,000.00" |

"TEXAS PRISON SYSTEM

| Salaries | | For the Years Ending August 31, 1946 | August 31, 1947 |
|---|---|---|---|
| "1. | General manager, with house, water, fuel and lights and prison produced food products | $ 6,000.00 | $ 6,000.00 |
| 2. | Assistant general manager, with house, water, fuel and lights, with prison produced food products . . . . . . . . . . | 2,835.00 | 2,835.00 |

Honorable Jesse James - page 3

| | | | |
|---|---|---|---|
| 3. | Executive secretary to general manager. . . . . . . . . . . . . . . . . . | $ 2,153.00 | 2,153.00 |
| 4. | Chief accountant . . . . . . . . ... | 3,000.00 | 3,000.00 |
| 5. | Clerk, purchasing department . . . | 2,310.00 | 2,310.00 |
| 6. | Cashier . . . . . . . . . . . . . . . | 2,835.00 | 2,835.00 |
| 7. | Assistant accountant . . . . . . . . | 2,640.00 | 2,640.00 |
| 8. | Criminal record clerk . . . . . . | 2,400.00 | 2,400.00 |

It will be noted that the two biennial appropriations are the same in title of position with the same salaries plus the 15% increases, with the exception that the 1945 bill changes "Auditor" to "chief accountant", and "accountant" to "assistant accountant". Article 6166q creates the office of Auditor of the Texas Prison System. It is elementary that the Legislature cannot repeal a statute by a general appropriation bill, neither may an office be created by such a bill. The office of Auditor of the Texas Prison System has not been abolished, and therefore still exists. Certain appropriations to the Prison System cannot be paid without the approval of the Auditor of the Texas Prison System. We cannot presume that the Legislature, with the knowledge of the important and essential duties that must be performed by the Auditor of the Texas Prison System, would intentionally and deliberately make no appropriation for him. It is possible that the Legislature through some error became confused over his official title and made this appropriation for a Chief Accountant instead of Auditor. This confusion can well be explained by the fact that the duties performed by the Texas Prison Auditor are essentially those of an accountant.

In further support of this opinion, it should be noted that no statute, including Articles 4413a-1 et seq., has imposed on the State Auditor the duties of the Auditor of the Texas Prison System. The appropriation of $4,000 for each year of the biennium beginning September 1, 1945, to the State Auditor, for an "Assistant assigned to Texas Prison System" is no more than an appropriation to pay an Assistant State Auditor for his services generally in auditing said System, and cannot clothe such assistant with the powers and duties conferred by Article 6166q upon the Auditor of the Texas Prison System.

Honorable Jesse James - page 4

We trust this satisfactorily answers your inquiry.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Robert O. Koch
Assistant

ROK:ddt

